Mr. Albert Hazle Director Radiation and Hazardous Wastes Control Division Colorado Department of Health 4210 East Eleventh Avenue Denver, Colorado 80220
Dear Mr. Hazle:
This opinion is in response to your letter of February 28, 1980, in which you inquired about the state's authority to comply with the provisions of title 2 of the Uranium Mill Tailings Radiation Control Act of 1978.
QUESTION PRESENTED AND CONCLUSION
Does the State of Colorado have the legal authority to regulate byproduct material as defined in 42 U.S.C. § 2014(e)(2) (hereinafter "uranium mill tailings") in conformance with the requirements of title 2 of the Uranium Mill Tailings Radiation Control Act of 1978, as amended (amending the Atomic Energy Act of 1954, 42 U.S.C. § 2011 et seq.)
 My conclusion is "yes." The State of Colorado, through the Governor, the State Board of Health, and the Department of Health, has the authority under the Radiation Control Act, C.R.S. 1973, 25-11-101 et seq. (1979 Supp.), to regulate uranium mill tailings in conformance with such requirements.
ANALYSIS
The Uranium Mill Tailings Radiation Control Act of 1978 (UMTRCA) allows a state which meets certain conditions to license and regulate uranium mill tailings pursuant to an agreement with the Nuclear Regulatory Commission (NRC). Section 204 of UMTRCA sets forth the specific requirements with which a state must comply in order to enter into such an agreement. Until November 8, 1981, the state must meet such requirements to the "maximum extent practicable," section 204(e)(2), and following that date, the state must fully comply. Section 202(b). As demonstrated throughout the following analysis, the state has the requisite authority to regulate and license uranium mill tailings. The state's authority to comply with section 204 will be addressed in the order of its subsections.[1]
Subsection 204(a)
Subsection 204(a) amends 42 U.S.C. § 2021(b) to add uranium mill tailings to the list of materials for which the NRC may enter into an agreement to allow the state to regulate. The Department of Health (DOH) and the State Board of Health have authority pursuant to C.R.S. 1973, 25-11-103, -104 (Supp. 1979), and C.R.S. 1973, 25-11-107 to license and regulate "radioactive materials," which include uranium mill tailings. C.R.S. 1973, 25-11-101(3). The Governor of Colorado, on behalf of the state, may enter into agreements with the federal government for state regulation of "radioactive materials." C.R.S. 1973, 25-11-102. Thus, state law authorizes an agreement with the NRC for state regulation of uranium mill tailings.
Subsection 204(c)
Subsection 204(c) provides that an agreement as mentioned above includes "any amendment to any agreement." The authority of the Governor of Colorado to enter into agreements with the federal government to assume responsibilities relating to the regulation of radioactive materials clearly includes the power to approve amendments to such agreements. As a general principle of law, amendments to agreements have the same force and effect as the original agreement. Hence, state law is consistent with subsection 204(c).
Subsection 204(e)(1)
This subsection adds a new subsection (o) to 42 U.S.C. § 2021. The new subsection (o) contains several requirements for state programs, each of which is addressed in sequence below.
42 U.S.C. § 2021(o)(1)
42 U.S.C. § 2021(o)(1) mandates compliance by the state with the requirements of 42 U.S.C. § 2113(b) respecting the ownership of uranium mill tailings and land.
42 U.S.C. § 2113(b)(1)(A) provides that licenses issued after November 8, 1981 for the production of uranium mill tailings must require the title to land used for the disposal of such tailings be transferred to the United States or the state in which such land is located, at the option of the state. The authority to require such transfer of title is not expressly provided for in article 11 of title 25, C.R.S. 1973; however, it is implicit in the DOH's authority to "acquire by gift, transfer from another state department or agency, or other transfer
any and all lands . . ." for the purpose of the concentration, storage, or permanent disposal of radioactive materials (emphasis added). C.R.S. 1973, 25-11-103(7)(a). Further evidence that such a license condition is consistent with statutory intent is the recognition that a disposal site for radioactive material represents "a continuing and perpetual responsibility involving the public health, safety, and general welfare and that ownership of said site and its contents must ultimately be reposed in a solvent government. . ." C.R.S. 1973, 25-11-103(7)(h). Under its rulemaking power over radioactive materials licenses, C.R.S. 1973, 25-11-104(1) and (2) (Supp. 1979), the State Board of Health may require uranium mill tailings licenses to be conditioned upon the appropriate transfer of title to uranium mill tailings disposal sites.
42 U.S.C. § 2113(b)(3) provides that the state shall maintain sites of uranium mill tailings transferred to it in a manner "as will protect the public health, safety, and the environment." State law currently requires the DOH to maintain such sites consistent with "the public health and safety" which by implication includes "the environment." C.R.S. 1973, 25-11-103(7)(a).
42 U.S.C. § 2113(b)(4) provides that the NRC may require a person having a license under 42 U.S.C. § 2092 in effect on November 8, 1981, to transfer the title to land containing uranium mill tailings to the United States or the state, at the option of the state. Such transfer would be performed prior to the termination of the license. The state would have authority to accept title or designate the United States as the transferee as discussed above regarding 42 U.S.C. § 2113(b)(1)(A).
42 U.S.C. § 2113(b)(5) provides that the NRC may require any state having custody of a uranium mill tailings disposal site to undertake "such monitoring, maintenance, and emergency measures as are necessary to protect the public health and safety." It also provides that the NRC may require the state to comply with standards developed by the Environmental Protection Agency under42 U.S.C. § 2022 pertaining to the health and safety hazards of residual radioactive material and uranium mill tailings. The State Board of Health has the authority under C.R.S. 1973,24-11-103(7)(g) to promulgate regulations for the control of state owned uranium mill tailings disposal sites in accordance with the requirements of C.R.S. 1973, 25-11-104 (Supp. 1979), and consistent with the public health and safety. C.R.S. 1973,24-11-103(7)(a). Under such authority, the board may adopt the NRC and EPA standards.
42 U.S.C. § 2113(b)(6) provides that the transfer of title to land or uranium mill tailings to a state or the United States "shall not relieve any licensee of liability for any fraudulent or negligent acts done prior to such transfer." The State Board of Health has the authority under C.R.S. 1973, 25-11-104(1) and (2) (Supp. 1979) or C.R.S. 1973, 25-11-103(7)(a) to require that titles transferred to the state under this program contain warranties against negligent or fraudulent acts of the licensee prior to the transfer of title. Therefore, the state has authority to insure that a licensee is not relieved of liability for any fraudulent or negligent acts.
42 U.S.C. § 2113(b)(7) requires that uranium mill tailings disposal sites shall be transferred without cost to the state, except for related administrative and legal costs. The state would have authority to acquire such property without cost to the state as discussed above regarding 42 U.S.C. § 2113(b)(1)(A).42 U.S.C. § 2113(b)(7) further provides that the transfer of title to uranium mill tailings or disposal sites held by the state must be concurred in by NRC and that the state must assure that the material will not be disturbed after the transfer has occurred. The state has the authority to sell radioactive material at a disposal site, C.R.S. 1973, 25-11-103(7)(h), and the rulemaking authority to regulate such sales in accordance with the aforesaid requirements. C.R.S. 1973, 25-11-103(7)(g).
42 U.S.C. § 2021(o)(2)
42 U.S.C. § 2021(o)(2) requires the state to adopt standards equivalent to or more stringent than standards adopted by the NRC and the EPA for the licensing and regulation of uranium mill tailings. The authority exists under C.R.S. 1973, 25-11-104(1) and (2) (Supp. 1979) to adopt regulations equivalent to those of the federal agencies.
42 U.S.C. § 2021(o)(3)(A)
42 U.S.C. § 2021(o)(3)(A) requires the state to follow specific procedures for the granting of licenses for uranium mill tailings, including:
 (i) an opportunity, after public notice, for written comments and a public hearing, with a transcript,
(ii) an opportunity for cross-examination, and
 (iii) a written determination which is based upon findings included in such determination and upon the evidence presented during the public comment period and which is subject to judicial review. . .
State law does not require, but does permit, a hearing prior to a decision on a license application, C.R.S. 1973, 24-4-104(9), although a hearing is required prior to the revocation, suspension or modification of a license by DOH. C.R.S. 1973,24-4-104(6). Moreover, the holding of prelicensing hearings would be analogous to C.R.S. 1973, 25-11-103(7)(f) which requires prelicensing hearings for state-owned storage sites. The State Board of Health has the rulemaking authority under C.R.S. 1973,25-11-104(1) and (2) (Supp. 1979) to impose a prelicensing hearing requirement, and also public notice and written comment procedures. The requirements of a transcript, an opportunity for cross-examination, a written determination, and judicial review would attach to all licensing hearings. C.R.S. 1973, 24-4-105(7) and (14) and C.R.S. 1973, 24-4-106.
42 U.S.C. § 2021(o)(3)(B)
42 U.S.C. § 2021(o)(3)(B) requires the state in rulemaking related to uranium mill tailings to provide an opportunity for public participation through written comments or a public hearing and to provide for judicial review of the rules. These requirements are fully provided for by C.R.S. 1973, 24-4-103, 24-4-106, and25-11-104(5).
42 U.S.C. § 2021(o)(3)(C)
42 U.S.C. § 2021(o)(3)(C) requires the state to assure that a written impact analysis is available to the public before the commencement of licensing proceedings for licenses which have a significant impact on the human environment. Current state regulations, 6 CCR 1007-1-3.8.8 and -3.8.8.2, adopted pursuant to C.R.S. 1973, 25-11-104(2) (Supp. 1979), require an environmental report be submitted with a license application for a uranium mill or "any other activity which will affect the quality of the human environment by reason of exposure to radiation". This report would normally be available for public inspection under 6 CCR 1007-1-3.8.6. Those regulations in my opinion fulfill the requirement for an impact analysis. However, if it is determined that they are insufficient, the State Board of Health has authority, C.R.S. 1973, 25-11-104(2) (Supp. 1979), to amend them.
42 U.S.C. § 2021(o)(3)(D)
42 U.S.C. § 2021(o)(3)(D) prohibits any major construction activity with respect to uranium mill tailings prior to the preparation of an environmental impact analysis (EIA). State regulations, 6 CCR 1007-1-3.8.8.1 and -3.8.8.2, currently require the submission of an environmental report by the applicant prior to commencement of construction. Hence, this requirement is already met.
42 U.S.C. § 2021(o)(3) (final paragraph)
42 U.S.C. § 2021(o)(3) further provides that if the state requires a licensee to pay funds to the state for the reclamation or long term maintenance and monitoring of uranium mill tailings to be transferred to the United States, then the state/NRC agreement shall be amended to provide that the state shall transfer those funds to the United States upon termination of the license. The Governor's authority to enter agreements with the federal government pursuant to C.R.S. 1973, 25-11-102(1) provides adequate authority to specify such details in an agreement with NRC. In addition, 42 U.S.C. § 2021(o)(3) requires that such payments to the states meet NRC standards promulgated under42 U.S.C. § 2201(x). State regulations, 6 C.C.R. 1007-1-3.9.4 and -3.9.5, currently require such payments and may be amended under the authority of C.R.S. 1973, 25-11-104(2) (Supp. 1979) to comply with the NRC standards.
Section 204(f)
Section 204(f) provides that the NRC will retain authority under an agreement with the state to make a determination that all applicable standards and requirements have been met prior to termination of a license for uranium mill tailings. The state would have the authority to make such agreement pursuant to C.R.S. 1973, 25-11-102(1).
SUMMARY
The State of Colorado, through the Governor, the State Board of Health, and the Department of Health, currently has the authority to develop a uranium mill tailings program and enter into an agreement with the NRC to comply with title 2 of UMTRCA. Several amendments to state regulations may be necessary to fully comply, but the State Board of Health is authorized to adopt such amendments pursuant to the State Radiation Control Act, C.R.S. 1973, 25-11-101 et seq., (Supp. 1979). No statements within this opinion are intended to imply that any state agency has agreed to make such amendments.
The statutory and regulatory authority for complying with title 2 of UMTRCA is within the police powers of the state and does not conflict with any constitutional limitations or with any Colorado or federal cases.
Very truly yours,
 J.D. MacFARLANE Attorney General
SOLID AND HAZARDOUS WASTES NUCLEAR POWER ENERGY
C.R.S. 1973, 25-11-101 et seq.
HEALTH, DEPT. OF Radiation Hazardous Waste
State of Colorado has the authority under the Radiation Control Act, C.R.S. 1973, 25-11-101 et seq. (Supp. 1979) to regulate uranium mill tailings in conformance with the requirements of the federal Uranium Mill Tailings Radiation Control Act of 1978.
[1] Subsections 204(b), (d), (g) and (h) contain no requirements for state authority and, hence, are not addressed in this opinion.